UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD JOHNSON,

                              Plaintiff,

                                                          9:09-CV-0002
v.                                                        (GTS/DEP)

GARY BROWN, JR., Correctional Officer,
Watertown Correctional Facility; BOULTER,
Correctional Officer; KIERNAN, Sergeant;
GUERIN, Sergeant; and EASTERN,
Correctional Officer, Draft Room,

                              Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

RONALD JOHNSON, 04-A-6880
   Plaintiff, *Pro Se*
Woodbourne Correctional Facility
Riverside Drive
Woodbourne, NY 12788

HON. ERIC T. SCHNEIDERMAN                       KRISTA A. ROCK, ESQ.
Attorney General for the State of New York      Assistant Attorney General
   Counsel for Defendant
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action, filed by Ronald

Johnson ("Plaintiff") against five employees of the New York State Department of Correctional

Services ("Defendants"), are the following: (1) Defendants' motion for summary judgment (Dkt.

No. 34); (2) United States Magistrate Judge David E. Peebles' Report-Recommendation,

recommending that Defendants' motion be granted and that Plaintiff's Complaint be dismissed

in its entirety (Dkt. No. 52); and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 55).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's Complaint is dismissed.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Plaintiff filed his Complaint on January 5, 2009.  (Dkt. No. 1.)   Generally, in his Complaint, Plaintiff alleges that, on September 29, 2008, as he was returning by bus to Watertown Correctional Facility ("Watertown C.F.") from a hearing in Queens County Court, he asked a sergeant on the bus a question regarding security arrangements on the bus.  (*Id*. at ¶ 6.) Plaintiff further alleges that, after the bus arrived back at Watertown C.F. and the sergeant reported to others that Plaintiff had been "an asshole on the bus," Plaintiff was seen by a nurse, then isolated in a cell, where he was physically assaulted and subjected to racial epithets by six corrections officers, including the named Defendants.  (*Id*.)  Finally, Plaintiff alleges that Defendants subsequently failed to provide him medical treatment for injuries sustained in the assault, threatened him with false disciplinary charges in retaliation for filing grievances regarding the assault, and wrongfully denied his request for a transfer to another correctional facility.  (*Id*.)  For a more detailed recitation of the factual allegations asserted in Plaintiff's Complaint, the Court refers the reader to that Complaint in its entirety.  (*See generally* Dkt. No. 1.)

Construed with the utmost of special leniency, Plaintiff's Complaint attempts to assert the following claims against Defendants based on the above-described factual allegations: (1) some or all of the Defendants (including Brown) used excessive force against him in violation of the Eighth Amendment; (2) some or all of the Defendants (including Brown) verbally harassed

him, in violation of the Eighth Amendment; (3) some or all of the Defendants (including Kiernan) were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; (4) some or all of the Defendants retaliated against him in response to his filing of grievances, in violation of the First Amendment; and (5) some or all of the Defendants wrongfully denied him a prison transfer, in violation of the Fourteenth and/or First Amendments. (*Id*. at ¶¶ 6-7.)

###### B.     Undisputed Material Facts

For the sake of brevity, the Court will not repeat the undisputed material facts in this Decision and Order, which is intended primarily for the review of the parties.  Instead, the Court will incorporate by reference Part I of Magistrate Judge Peebles' Report-Recommendation, which accurately recites those undisputed (and disputed) material facts.  The Court would add merely that, generally, unlike Plaintiff's Complaint, the record on Defendants' motion reveals which Defendants allegedly committed which of the above-described acts against Plaintiff.  For example, Plaintiff asserts that (1) the sergeant on the bus was Defendant Guerin, (2) the Defendants to whom Guerin reported that Plaintiff had been an "asshole" were Kiernan and Eastern, (3) the Defendant who shouted racial epithets at Plaintiff was Brown, (4) the Defendants who used excessive force against Plaintiff were Boulter, Brown, and Eastern, (5) in addition, Defendant Kiernan failed to intervene in that excessive use of force, (6) the Defendant who was deliberately indifferent to Plaintiff's serious medical needs was Defendant Kiernan, and (7) the individual who retaliated against Plaintiff for filing grievances was Defendant Kiernan.

C.      **Parties' Briefing on Defendants' Motion**

On December 21, 2009, Defendants filed their motion for summary judgment.  (Dkt. No.

34.)  Generally, in their motion, Defendants argue as follows: (1) to the extent that Plaintiff

asserts claims for damages against Defendants in their official capacity, those claims are barred

as a matter of law by the doctrine of sovereign immunity under the Eleventh Amendment; (2)

whether viewed thorough the factual allegations of Plaintiff's Compliant, or the facts established

by the record on Defendants' motion, Plaintiff's claims of verbal harassment and verbal threats

by Defendants Brown, Guerin and Kiernan are not actionable under 42 U.S.C. § 1983; (3)

Plaintiff has failed to adduce record evidence establishing that Defendants Boulter, Brown or

Kiernan (or any Defendants) were personally involved in the alleged constitutionally inadequate

medical care that Plaintiff allegedly received on September 29, 2008, at Watertown C.F.; (4)

Plaintiff has failed to adduce record evidence establishing that Defendants Boulter, Brown or

Kiernan caused the physical injury that Plaintiff allegedly sustained through the assault on

September 29, 2008, at Watertown C.F.; (5) whether viewed thorough the factual allegations of

Plaintiff's Compliant, or the facts established by the record on Defendants' motion, Plaintiff's

claim of a wrongful denial of his request for a transfer to another correctional facility is not

actionable under 42 U.S.C. § 1983; (6) Plaintiff has failed to allege facts plausibly suggesting,

and/or adduce record evidence establishing, that he experienced adverse action sufficient to state

or establish a retaliation claim against Defendant Kiernan; (7) Plaintiff has failed to adduce

record evidence establishing that he was assaulted by any Defendant, because no reasonable

factfinder could credit Plaintiff's self-contradictory, incomplete and totally uncorroborated

deposition testimony, under *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005); and (8)

based on the current record, Defendants are protected from liability as a matter of law by the

doctrine of qualified immunity.  (Dkt. No. 34, Attach. 7.)

On March 31, 2010, after being granted an extension of time in which to do so, Plaintiff filed a response to Defendants' motion.  (Dkt. No. 48.)  Generally, in his response, Plaintiff argues as follows: (1) while the Eleventh Amendment may bar his claims for damages against Defendants in their official capacity, it does not bar his claims for damages against Defendants in the individual capacity; (2) claims of verbal harassment and verbal threats are actionable under 42 U.S.C. § 1983 where, as here, the harassment and threats were preceded by the use of physical force; (3) Plaintiff has adduced record evidence establishing Defendants Boulter, Brown or Kiernan were personally involved in the alleged constitutionally inadequate medical care that Plaintiff allegedly received on September 29, 2008, at Watertown C.F., especially Kiernan, who asked Plaintiff how he was after the assault, and saw him bleeding, yet did not bring him to the prison's infirmary; (4) Plaintiff has adduced record evidence establishing that all five Defendants caused the physical injury that Plaintiff allegedly sustained through an assault on September 29, 2008, at Watertown C.F.–Boulter's, Brown's and Eastern's involvement being direct, Kiernan's involvement being as a supervisor who knew of the constitutional violation yet failed to stop it, and Guerin's involvement being the instigator of the assault; (5) contrary to Defendants' interpretation of Plaintiff's wrongful-transfer claim, that claim is based not on a request to be moved to a specific facility but a request simply to be removed from Watertown C.F., where he was in danger; (6) Plaintiff has adduced record evidence establishing that he experienced adverse action sufficient to establish a retaliation claim against Defendant Kiernan, because he has adduced evidence that (a) Kiernan's threats dissuaded Plaintiff from "fil[ing] grievances on Lt. Ladue" regarding Kiernan's threats, and (b) Kiernan's threats, which were intended to inflict psychological harm, caused Plaintiff "to sink into a deep depression" and lose sleep; (7) grounds do not exist for the Court to make an exception to rule against making credibility determinations,

under *Jeffreys*, because Plaintiff's deposition testimony is not self-contradictory, incomplete, or uncorroborated by the record (which includes medical records showing the use of force, and a memorandum from Defendant Guerin admitting that, before the assault, he told Defendant Kiernan and draft room officers that he had a problem with Plaintiff); and (8) based on the current record, Defendants are not protected from liability as a matter of law by the doctrine of qualified immunity.  (Dkt. No. 48, at 1-23.)

On April 21, 2010, Defendants filed a reply to Plaintiff's response.  (Dkt. No. 50.) Generally, in their reply, Defendants argue as follows: (1) because Plaintiff willfully failed to comply with Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court by not responding to Defendants' Statement of Material Facts, the Court must accept as true all facts asserted in Defendants' Statement of Material Facts; (2) Defendants Guerin and Boulter are entitled to summary judgment because (a) no admissible record evidence supports a causal connection between Defendant Guerin's report to the draft room officers and the assault that Plaintiff alleges he subsequently experienced, (b) the record evidence undisputably demonstrates that Defendant Boulter was not physically present at Watertown C.F. on September 29, 2008; (3) Plaintiff has failed to establish a claim for retaliation against Defendant Kiernan because (a) the record belies Plaintiff's claim that he was dissuaded from filing any grievances, and (b) the threat was *de minimis* under the circumstances; (4) Plaintiff's failure-to-intervene claim against Defendant Kiernan should be dismissed because (a) it was not asserted in Plaintiff's Complaint but was asserted for the first time in his response papers, (b) Defendants have adduced uncontroverted record evidence that there was no assault that any Defendant could have intervened, and (c) Plaintiff admitted in his deposition Defendant Kiernan first came onto the scene after the assault was over; and (5) Plaintiff has failed to establish that Defendant Brown was personally involved

in the alleged constitutional violations because Plaintiff's self-serving deposition testimony regarding Brown can be discredited as a matter of law under *Jeffreys*.   (*Id.*)

   **D.   Magistrate Judge Peebles' Report-Recommendation**

   On September 3, 2010, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed in its entirety.  (Dkt. No. 52.)  More specifically, Magistrate Judge Peebles recommends as follows: (1) to the extent that Plaintiff asserts claims for damages against Defendants in their official capacity, those claims should be dismissed as barred as a matter of law by the doctrine of sovereign immunity under the Eleventh Amendment; (2) Plaintiff's Eighth Amendment harassment claim should be dismissed because he has failed to adduce admissible record evidence from which a rational factfinder could conclude that Defendants' alleged verbal harassment caused him *severe* psychological harm sufficient to constitute cruel and unusual punishment; (3) Plaintiff's First Amendment retaliation claim should be dismissed because he has failed to adduce admissible record evidence from which a rational factfinder could conclude that he suffered sufficiently serious adverse action as a result of filing any grievances; (4) Plaintiff's Eighth Amendment excessive force claim should be dismissed, because no reasonable factfinder could credit Plaintiff's self-contradictory, incomplete and totally uncorroborated deposition testimony, under *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005); (5) Plaintiff's Eighth Amendment failure-to-intervene claim against Defendant Kiernan should be dismissed because Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could conclude that there occurred any excessive use of force or that Kiernan was physically present during it so as to enable him to intervene in it; (6) Plaintiff's Eighth Amendment medical indifference claim should be dismissed because he has failed to adduce

admissible record evidence from which a rational factfinder could conclude that (a) he had a sufficiently serious medical need during the time in question, or (b) Defendant Kiernan knew, or had reason to know, of that need so as to confer on him a sufficiently culpable state of mind; (7) Plaintiff has failed to allege facts plausibly suggesting that Defendants Brown and Boulter were personally involved in any violation other than the alleged assault; (8) Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could conclude that Defendant Kiernan was personally involved in the alleged excessive use of force as a supervisory official; (9) Plaintiff's wrongful-denial-of-transfer claim should be dismissed because (a) generally, prisoners do not have a constitutionally protected right to be granted a request for a prison transfer, and (b) while a denial of a request for a transfer could conceivably be actionable if it were retaliatory in nature, Plaintiff  has failed to adduce admissible record evidence establishing that the denial of the transfer in question was retaliatory in nature; and (10) Plaintiff's claims against Defendant Eastern be dismissed, in the alternative, without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).  (*Id*.)

Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.)

### E.      Plaintiff's Objections to the Report-Recommendation

On October 18, 2010, Plaintiff submitted his Objections to the Report-Recommendation. (Dkt. No. 55.)  Generally, in his Objections, Plaintiff argues as follows: (1) Magistrate Judge Peebles failed to consider Plaintiff's medical reports and the photographs of his injuries, which demonstrate a dime-sized bruise over his left eye and redness to certain areas of his face, and constitutes sufficient evidence to support his excessive force claim; (2) because Plaintiff has asserted claims against Defendants in their individual capacities, the doctrine of sovereign

immunity is inapplicable; (3) Plaintiff has adduced admissible adduced record evidence in the form of his deposition testimony that establishes that Defendant Kiernan retaliated against him for filing grievances; (4) Magistrate Judge Peebles erred in making a credibility determination regarding his excessive force claim under *Jeffreys* because (a) Plaintiff adduced admissible record evidence (including photographs of his injuries) that corroborates his deposition testimony regarding his excessive force claim, and (b) Plaintiff's deposition testimony was not self-contradictory and incomplete; (5) Magistrate Judge Peebles erred in dismissing Plaintiff's failure-to-intervene claim because Plaintiff adduced record evidence establishing that Defendant Kiernan (a) had an opportunity to prevent the assault before it happened in that he was notified by Guerin of a "problem" with Plaintiff before the assault, (b) had a reasonable opportunity to intervene in the assault while it was occurring in that he was just outside the room while the assault was occurring, and (c) failed to remedy the assault after it occurred in that he did not take action against the bad actors or bring Plaintiff to the infirmary; (7) Plaintiff has adduced record evidence establishing that each Defendant was personally involved in the alleged constitutional violations, especially Kiernan who (at the very least) was grossly negligent in managing his subordinates; and (8) the Court should not dismiss Defendant Eastern from this action for failure to serve because Defendants' motion did not request that relief, but instead should allow Plaintiff a further opportunity to identify and serve him.  (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard Governing Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[1]   On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]   *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

**B.    Standard Governing a Motion for Summary Judgment**

Magistrate Judge Peebles correctly recited the legal standard governing a motion for summary judgment.  (Dkt. No. 52, at 10-12.)  As a result, this standard is incorporated by reference in this Decision and Order.

**III.    ANALYSIS**

**A.    Plaintiff's Claims of Deliberate Indifference to His Serious Medical Needs and Failure to Transfer**

As an initial matter, Plaintiff does not object to the portions of Magistrate Judge Peebles' Report-Recommendation recommending dismissal of his Eighth Amendment medical indifference claim, and his Fourteenth Amendment claim that he was improperly denied a facility transfer.  As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review these portions of the Report-Recommendation only for clear error.  After doing so, the Court concludes that the portions of the Report-Recommendation recommending dismissal of Plaintiff's medical indifference claim, and his claim that he was improperly denied a facility transfer are well-reasoned and not clearly erroneous.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts theses portions of the Report-Recommendation for the reasons stated therein.

The Court would add only three points regarding these claims.  First, the portions of the Report-Recommendation recommending dismissal of these claims would survive even a *de novo* review.

Second, at best, the record reflects that, when Defendant Kiernan saw him on September 29, 2008, Plaintiff had a cut on his lip, a bruise over his eye, and "[b]lue and red spots all over his body."  (Dkt. No. 34, Attach. 10, at 56.)  Such injuries do not constitute a serious medical

11

need as a matter of law.[3]

Third, while a denial of a request for a transfer could conceivably be actionable if it were retaliatory in nature, Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could conclude that the denial of the transfer in question was retaliatory in nature.  In particular, Plaintiff has failed to adduce record evidence establishing that any named Defendant was either aware of his transfer request, or was personally involved in preventing his transfer.  Indeed, Plaintiff has adduced record evidence establishing that his transfer request was submitted merely as part of one of his grievances.  (Dkt. No. 34, Attach. 10, at 62.)  Moreover, the record reflects that Plaintiff was in fact transferred within four months of the alleged assault. (*Id.*)

## B.    Plaintiff's Claims of Retaliation and Harassment

Even when construed with the utmost of liberality, Plaintiff's Objections regarding the portions of Magistrate Judge Peebles' Report-Recommendation recommending dismissal of his

---

[3]      *See Benitez v. Straley*, 01-CV-0181, 2006 WL 5400078, at *3, 4, 12 (S.D.N.Y. Feb. 16, 2006) (finding that cut on plaintiff's lips, cut on plaintiff's head, and "severe cuts" to plaintiff's wrists-none of which required stitches-did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment, even if plaintiff's allegations were assumed to be true); *Hickey v. City of New York*, 01-CV-6506, 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004) (finding that cuts and bruises do not constitute sufficiently serious medical needs), *accord, Decayette v. Goord*, 06-CV-0783, 2009 WL 1606753, at *1, 2009 WL 1606753 (N.D.N.Y. June 8, 2009) (McAvoy, J.); *Rodriguez v. Mercado*, 00-CV-8588, 2002 WL 1997885, at *3, 8 (S.D.N.Y. Aug. 28, 2002) (finding that bruises to plaintiff's head, back and wrists, accompanied by back pain and migraines but no loss of consciousness, did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 311 (S.D.N.Y. 2001) ("[C]ut finger, even where skin is 'ripped off,' . . . does not, as a matter of law, qualify as an injury severe enough to justify civil rights relief."); *Henderson v. Doe*, 98-CV-5011, 1999 WL 378333, at *2 (S.D.N.Y. June 10, 1999) (concluding that broken finger does not rise to sufficient level of urgency); *Montavon v. Town of Southington*, 95-CV-1141, 1997 WL 835053, at *4 (D. Conn. Sept. 29, 1997) (finding that plaintiff's cuts and scrapes, unaccompanied by profuse bleeding or other conditions, did not constitute a medical condition that was sufficiently serious for purposes of Fourteenth Amendment).

First Amendment retaliation claim and his Eighth Amendment harassment claim fail to specifically address Magistrate Judge Peebles' recommendations. Instead, the Objections simply reiterate the arguments Plaintiff previously presented to the Court in his response memorandum of law. As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review these portions of the Report-Recommendation only for clear error. After doing so, the Court concludes that the portions of the Report-Recommendation recommending dismissal of Plaintiff's First Amendment retaliation claim and his Eighth Amendment harassment claim are well-reasoned and not clearly erroneous. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts theses portions of the Report-Recommendation for the reasons stated therein.

The Court would add only four points. First, the portions of the Report-Recommendation recommending dismissal of these claims would survive even a *de novo* review.

Second, even assuming that, after Plaintiff filed a grievance, one of the named Defendants threatened him with the planting of contraband in his cell if he filed additional grievances, as Magistrate Judge Peebles noted in his Report-Recommendation, this alleged verbal threat, which Plaintiff admits never came to fruition, is insufficient to establish adverse action for purposes of a retaliation claim. *Bartley v. Collins*, 95-CV-10161, 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006) ("[V]erbal threats such as 'we going to get you, you better drop the suit,' do not rise to the level of adverse action.").[4]

---

[4]       *See also Gill v. Smith*, 283 F. Supp.2d 763, 765, 770 (N.D.N.Y. 2003) (Scullin, J. adopting DiBianco, M.J.) (finding that inmate did not establish a First Amendment retaliation claim based on correctional officer's threat to retaliate against all prison library workers unless inmate dropped his grievance regarding officer's smoking in law library because, even assuming inmate suffered "great stress and depression," inmate did not withdraw his grievance, which was thoroughly investigated and appealed to the highest level).

Third, to the extent that Plaintiff is attempting to characterize his denied transfer as the "adverse action" he experienced for purposes of his retaliation claim, Plaintiff has failed to allege facts plausibly suggesting, and/or adduce admissible record evidence establishing, that (1) any named Defendant was either aware of his transfer request, or was personally involved in preventing his transfer, and (2) his transfer was even denied (rather than being merely delayed).

Fourth, as Magistrate Judge Peebles noted in his Report-Recommendation, although Plaintiff testified that, as a result of the threats to plant contraband in his cell, he had difficulty sleeping and was stressed (*see* Dkt. No. 34, Attach. 10, at 67), based on the admissible record evidence, no rational factfinder could conclude that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.[5]

### C.    Plaintiff's Claims of Excessive Force and Failure to Intervene

Turning to Plaintiff's Objections regarding his excessive force and failure-to-intervene claims, the Court concludes that those Objections are sufficiently specific in nature. As a result, the Court reviews the portion of the Report-Recommendation recommending dismissal of these

---

[5]    As Magistrate Judge Peebles noted, although Plaintiff testified that he lost sleep and was stressed as a result of the threats, Plaintiff also testified that he "*always* ha[s] trouble sleeping or trouble around other officers . . . [because] he does not trust them." (Dkt. No. 34, Attach. 10, at 67 [emphasis added].)  In addition, at best, such evidence establishes only *de minimis* psychological pain. *See Cusamano v. Sobek*, 604 F. Supp.2d 416, 492-93 (N.D.N.Y. 2009) (Suddaby, J. adopting Lowe, M.J.) (finding allegations that correction officer's threats and abusive language caused plaintiff to experience "humiliation[,] . . . [and] extreme feelings of marginality and 'nobodiness'" insufficient to "elevate Plaintiff's alleged psychological injuries above a *de minimis* level"); *Duamutef v. Leonardo*, 91-CV-1100, 1993 WL 428509, at *13 (N.D.N.Y. Oct. 22, 1993) (Hurd, M.J.) (finding that plaintiff's allegation that strip searches caused him to "suffer constant humiliation, unnecessary psychological pain and distress" did not rise to level of Eighth Amendment violation), *adopted by* 1994 WL 86700 (N.D.N.Y. March 7, 1994) (McCurn, J.), *appeal dismissed*, 47 F.3d 1158 (2d Cir. 1995); *Jermosen v. Coughlin*, 87-CV-6267, 1993 WL 267357, at *6 (S.D.N.Y. July 9, 1993) (finding that plaintiff suffered only *de minimus* psychological harm when the record reflected that, before conducting a strip frisk of plaintiff, correctional officers "approached his cell with their nightsticks raised in a threatening position" in order to "deliberately inflict[ ] [on him] mental pain, anguish, embarrassment and humiliation").

14

claims de novo.  After doing so, the Court concludes, for the reasons stated by Magistrate Judge Peebles in his thorough Report-Recommendation, that Plaintiff's testimony was self-contradictory, incomplete and totally uncorroborated deposition testimony.  The Court would add only two points.

First, in addition to the internal contradictions and omissions in Plaintiff's deposition testimony noted by Magistrate Judge Peebles in his Report-Recommendation, the Court notes some additional such internal contradictions regarding what happened to Plaintiff immediately before the alleged assault.  Specifically, Plaintiff testified that, after he was seen by a nurse and before he was allegedly assaulted, he was "brought back to the cell with everybody else . . . . *Then* the[ officers] took everybody else out and put me in a cage by myself that's off to the side[.]"  (Dkt. No. 34, Attach. 10, at 29, 30, 32 [emphasis added].)  However, moments later he testified that "[t]hey put me in by myself and they *then* took everybody . . . ."  (*Id*. at 32 [emphasis added].)  Immediately after this testimony Plaintiff again changed his testimony: "first they took everybody back."  (*Id*.)  Finally, Plaintiff admitted his lack of knowledge on the subject: "I don't know if they took everybody back first or after, but I know they put me in a cage by myself and they got everybody back to the dorm[.]"  (*Id*.)  When asked to confirm the simple fact that he was by himself when he was transported to the "cage," he confirmed that he was "completely alone" at that time.  (*Id*. at 32, 34.)  However, he also testified that, as he was being transported to the "cage," he was not in fact completely alone but was in the company of an inmate named Earl (who told him that "the officers were going to do something to [him]").  (*Id*. at 33.)  Moreover, moments later he changed that piece of testimony, testifying that no one told him what was going to happen to him because "nobody knew."  (*Id*. at 34.)

Second, as Magistrate Judge Peebles correctly found, the main (if not exclusive) evidence on which Plaintiff relies (i.e., his internally contradictory and incomplete deposition testimony)

is squarely contradicted by evidence produced by the defense.  For example, in his deposition, Plaintiff testified that, while he was lying on the ground during the assault, he looked up and clearly saw (1) Defendant Brown kick him, and (2) Defendant Boulter, who smelled like liquor and was drunk, push up his nose.  (Dkt. No. 34, Attach. 10, at 41-42, 44.)  However, Defendant Brown has adduced admissible record evidence, in the form of an affidavit, establishing that, on the date of the alleged incident, he worked the 3:00 p.m. to 11:00 p.m. shift at Unit 16 (i.e., a different part of the facility), never seeing or speaking to Plaintiff during that time.  (Dkt. No. 34, Attach. 3.)  Furthermore, Defendant Boulter has adduced admissible record evidence, in the form of a time sheet and an affidavit, establishing that, on the date of the alleged incident, he was away from Watertown C.F., on vacation.  (Dkt. No. 34, Attach. 1, 2.)

### D.  Defendant Eastern

In his thorough Report-Recommendation, Magistrate Judge Peebles recommended that Plaintiff's claims against the Defendant identified as "Eastern" be dismissed for the alternative reason that Plaintiff failed to take reasonable steps to identify this Defendant, in order for him to be served, in violation of Fed. R. Civ. P. 4(m).  Ordinarily, out of an extension of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court would be inclined to permit Plaintiff one final opportunity to take the appropriate steps necessary to identify this Defendant and notify the Clerk of his identity so that he may be served.  However, because the Court has already concluded that Plaintiff's only evidence establishing the occurrence of the assault on September 29, 2008, is his self-contradictory, incomplete deposition testimony that is wholly unsupported by the record, the Court concludes that it would be futile to permit Plaintiff leave to identify the Defendant referred to as "Eastern."

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 52) is

**ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 34) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 22, 2011
    Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge